1
2   Calvin R. Jones
    Jones & Colver, LLC
3   1900 West Benson Blvd., Suite 201
    Anchorage Alaska 99517
4   (907) 272-6511

5                   UNITED STATES DISTRICT COURT
                         DISTRICT OF ALASKA
6
    MORGAN STANLEY DW INC.,
7   a Delaware corporation

8                Plaintiff,                    No.  A3:06-CV-00135

9        vs.
                                               COMPLAINT
10  TY A. SCHOMMER, LYNN ANTHONY
    SOISETH, SCOTT DAVID INGRIM, AND
11  JAMES VINCENT O'REILLY,

12               Defendant[s].

13          Morgan Stanley DW Inc., brings the following Complaint for injunctive relief against

14  defendants Ty Schommer ("Schommer"), Lynn Soiseth ("Soiseth"), J Vincent O'Reilly III

15  ("O'Reilly") and Scott Ingrim ("Ingrim") for (A) breach of contract; (B) misappropriation

16  and misuse of trade secrets; (C) conversion of confidential business information; (D) breach

17  of duty of loyalty; and (E) unfair competition by alleging the following:

18                          I.      PARTIES

19          1.      Morgan Stanley DW Inc. ("Morgan Stanley") is a Delaware corporation

20  maintaining its principal place of business in New York, New York and transacts business in

21  this judicial district through a branch office located at Anchorage, Alaska, and elsewhere.

22  Morgan Stanley acquired Dean Witter.  Hereafter, Morgan Stanley and Dean Witter will be

23  used interchangeably.  Morgan Stanley is a citizen of the States of Delaware and New York.

24          2.      Defendants are former Financial Advisors of Morgan Stanley's Anchorage,

25  Alaska branch office.  Schommer, Soiseth, O'Reilly, and Ingrim are citizens and residents of

26  the State of Alaska.

- 1

Jones & Colver, LLC.
Attorneys at Law
1900 West Benson Blvd., Suite 201
Anchorage, Alaska 99517
Telephone:  (907) 272-6511
Fax: (907) 276-6511

7146-3 pjb

## II.    JURISDICTION AND VENUE

3.    Jurisdiction exists by virtue of diversity of citizenship, 28 U.S.C. § 1332.  The amount in controversy exceeds Seventy-Five-Thousand ($75,000), exclusive of interest and costs.  Immediate injunctive relief is sought pursuant to Federal Rule of Civil Procedure 65.  Venue is proper in this judicial district under 28 U.S.C. § 1391(a), as it is the district in which the conduct complained of arose and in which defendants reside.

## III.    FACTS

4.    Morgan Stanley is in the business of providing financial services.

5.    Schommer commenced employment with Morgan Stanley on or about November 14, 1994.  A copy of his Account Executive Trainee Employment Agreement ("Schommer Employment Agreement") is attached hereto as Exhibit "A."

6.    Soiseth commenced employment with Morgan Stanley on or about January 15, 1988.  A copy of his Account Executive Trainee Employment Agreement ("Soiseth Employment Agreement") is attached hereto as Exhibit "B."

7.    O'Reilly commenced employment with Morgan Stanley on or about February 26, 1988.  A copy of his Account Executive Employment Agreement ("O'Reilly Employment Agreement") is attached hereto as Exhibit "C."

8.    Ingrim commenced employment with Morgan Stanley on or about October 23, 2000.  A copy of his Financial Advisor Trainee Employment Agreement ("Ingrim Employment Agreement") is attached hereto as Exhibit "D."

9.    In consideration of the foregoing benefits and opportunities provided by Morgan Stanley, defendants agreed that all documents related to the business and affairs of Morgan Stanley, including the names, addresses, telephone numbers and assets of Morgan Stanley customers, were the confidential and exclusive property of Morgan Stanley ("Company Records").  (Exhibits A –D, Employment Agreements, § 1).  Defendants agreed

- 2

Jones & Colver, LLC.
Attorneys at Law
1900 West Benson Blvd., Suite 201
Anchorage, Alaska 99517
Telephone:  (907) 272-6511
Fax: (907) 276-6511

7146-3 pjb

to stop immediately the use of Company Records upon the voluntary resignation of their employment with Morgan Stanley. *Id.*

10.     Defendants also agreed not to remove Company Records from the premises of Morgan Stanley except in the ordinary course of conducting business for Morgan Stanley and to immediately deliver any Company Record in their possession or control upon termination of their employment. (Exhibits A –D, Employment Agreements, § 1).

11.     Defendants also agreed not to disclose to any other person or entity the contents of the Company Records except in the ordinary course of conducting business for Morgan Stanley. (Exhibits A –D, Employment Agreements, § 1).

12.     Defendants specifically agreed not to solicit, for specified periods of time ranging from 90 days to one year, any Morgan Stanley customer who they served or whose name became known to them while employed with Morgan Stanley. (Exhibits A –D, Employment Agreements, § 2).

13.     Defendants also expressly agreed to the issuance of an injunction by this Court to prohibit the violations of the covenants and terms of the Employment Agreements. (Exhibits A-D, Employment Agreements, § 3).

14.     As required by the Employment Agreements, Morgan Stanley compensated defendants for the services they provided on behalf of Morgan Stanley.

15.     More specifically, Morgan Stanley compensated defendants at all times during their employment with Morgan Stanley, provided defendants with extensive support services, paid for facilities, computer equipment, market reporting services, and other business expenses, provided defendants with abundant sales opportunities, paid for defendants' registrations with the New York Stock Exchange, National Association of Securities Dealers, the American Stock Exchange, and the state licensing commissions.

16.     In addition, Morgan Stanley provided defendants with office facilities, secretarial services, clearing services, operational systems, product inventory, sales

- 3

Jones & Colver, LLC.
Attorneys at Law
1900 West Benson Blvd., Suite 201
Anchorage, Alaska 99517
Telephone: (907) 272-6511
Fax: (907) 276-6511

7146-3 pjb

assistants, research, the benefit of Morgan Stanley advertising, goodwill and name recognition, access and use of experts in asset management, tax, estate planning and insurance, and with promotional marketing and sales support.

17.     Morgan Stanley also provided defendants with customer accounts, customer referrals, reassignments of former and current Morgan Stanley accounts, customer leads and new accounts generated by Morgan Stanley's national advertising campaign, from local seminars, from mailers, from "walk-in" and "call-in" customers, and/or from lists purchased and acquired by Morgan Stanley.

18.     By virtue of defendants' employment at Morgan Stanley, defendants gained access to the books and records of Morgan Stanley, the confidential information contained therein, and especially the identity of Morgan Stanley customers, including their names and addresses, financial statements, investment objectives, assets, net worths, investment histories, and the securities held by these customers in their Morgan Stanley accounts.

19.     As a result of the foregoing, defendants specifically acquired information and records that revealed the names and addresses and confidential information of Morgan Stanley accounts, representing approximately $295 million in assets under Morgan Stanley management.  The accounts serviced by defendants have generated over $1.8 million in revenues for Morgan Stanley in the last twelve months of defendants' employment with Morgan Stanley.

20.     During the course of their employment with Morgan Stanley, defendants received the clients of various Morgan Stanley financial advisors.  In exchange for the assignment of these Morgan Stanley clients, defendants Schommer, Soiseth, O'Reilly, and Ingrim signed Account Distribution Acknowledgments ("Distribution Agreements").  Copies of the Distribution Agreements are attached as Exhibits "E" through "H."  The Distribution Agreements commit defendants Schommer, Soiseth, O'Reilly, and Ingrim to obligations in addition to their obligations under their Employment Agreements.  Defendants Schommer,

- 4

Jones & Colver, LLC.
Attorneys at Law
1900 West Benson Blvd., Suite 201
Anchorage, Alaska 99517
Telephone:  (907) 272-6511
Fax: (907) 276-6511

7146-3 pjb

Soiseth, O'Reilly, and Ingrim agreed that "[i]t is understood and agreed that all files, papers, memoranda, letters, floppy disks, facsimile, electronic or other communications whether original, duplicated, computerized, memorized, handwritten or in any other form, and all information derived therefrom relating to the business of MSDW and MSDW employees and clients, including but not limited to the names, addresses, telephone, e-mail or any other identifying numbers and financial information of the Assigned Clients and the Related Clients (hereinafter collectively "Confidential and Proprietary Information and Records") are confidential and the sole and exclusive property of MSDW.  Employee further agrees that Confidential and Proprietary Information and Records whether provided to Employee by MSDW or by the Assigned Clients or Related Clients is entrusted to Employee as an employee and sales representative of MSDW.  Employee agrees that Confidential and Proprietary Information and Records in Employee's possession are and remain the property of MSDW and, as such, are not to be removed from or used outside of any MSDW offices except as authorized by MSDW.  In addition, Employee agrees to return immediately all Confidential and Proprietary Information and Records in Employee's possession or control should Employee's employment terminate for any reason and at any time.  Employee further agrees not to divulge or disclose Confidential and Proprietary Information and Records or any other confidential information relating to any other client to any person or entity outside MSDW including but not limited to a competitor of MSDW either during Employee's employment or at any time thereafter." (Exs. E-H, Distribution Agreements § 3).

21.     Defendants Schommer, Soiseth, O'Reilly, and Ingrim also agreed that they were "immediately to return to MSDW all Confidential and Proprietary Information and Records relating to the Assigned or Related Clients whether original, duplicated, computerized, handwritten, or any other form whatsoever, and enjoining and restraining Employee from using or disclosing any information contained in such records."  (Exs. E-H, Distribution Agreements § 5(a)).

- 5

Jones & Colver, LLC.
Attorneys at Law
1900 West Benson Blvd., Suite 201
Anchorage, Alaska 99517
Telephone:  (907) 272-6511
Fax: (907) 276-6511

7146-3 pjb

22.     Defendants Schommer, Soiseth, O'Reilly, and Ingrim also agreed not to disclose to any other person or entity the contents of the Confidential and Proprietary Records to any person or entity outside of Morgan Stanley at any time during or after their employment at Morgan Stanley.  (Exs. E-H, Distribution Agreements § 3).

23.     Defendants Schommer, Soiseth, O'Reilly, and Ingrim specifically agreed not to solicit for periods roughly from ninety (90) days to one year, directly or indirectly, any of the Assigned Clients or Related Clients.  (Exs. E-H, Distribution Agreements § 4).

24.     Defendants Schommer, Soiseth, O'Reilly, and Ingrim also expressly agreed to the issuance of an injunction by this Court to prohibit the breach of any terms of the Agreement and to maintain the status quo pending arbitration.  (Exs. E-H, Distribution Agreements § 5).

25.     Defendants Schommer, Soiseth, O'Reilly, and Ingrim resigned without prior notice to Morgan Stanley on Thursday, May 25, 2006, and immediately following the Memorial Day holiday on Tuesday May 30, 2006 they joined a competitor securities firm, A.G. Edwards and Sons, Inc. ("AGE"), in its Anchorage, Alaska branch office.

26.     In direct violation of both the defendants' Employment Agreements and the Distribution Agreements, upon information and belief, defendants took confidential customer information they used while at Morgan Stanley.

27.     In direct violation of both the Employment Agreements and the Distribution Agreements, upon information and belief, defendants solicited Morgan Stanley clients after their resignation.

28.     Morgan Stanley believes and therefore alleges, that defendants have engaged, are engaging in or preparing to engage in the following acts:

a)     Soliciting Morgan Stanley clients to terminate their accounts with Morgan Stanley and transfer their accounts to AGE.

- 6

Jones & Colver, LLC.
Attorneys at Law
1900 West Benson Blvd., Suite 201
Anchorage, Alaska 99517
Telephone:  (907) 272-6511
Fax: (907) 276-6511

7146-3 pjb

b)      Copying, removing, using and disclosing the records of Morgan

Stanley and/or confidential information pertaining to the clients of

Morgan Stanley, including highly sensitive information such as

customers names, addresses and/or telephone numbers; and

c)      Other such acts contrary to the terms, conditions, and provisions of the

Employment Agreements and Distribution Agreements.

## COUNT I – INJUNCTIVE RELIEF

29.     Plaintiff realleges the above paragraphs.

30.     By virtue of the foregoing, Morgan Stanley has demonstrated a likelihood of

success on the merits and that a balancing of the equities favors the issuance of an injunction

against defendants.

31.     In the Employment Agreements and Distribution Agreements, defendants

consented to injunctive relief upon violation of those agreements.

32.     Unless defendants are temporarily and preliminarily enjoined from the

foregoing conduct, Morgan Stanley will be irreparably harmed by :

a)      Disclosure of trade secrets, customer lists, and other confidential

information which are solely the property of Morgan Stanley and its

clients;

b)      Loss of confidentiality of the information contained in clients' records,

loss of confidentiality of clients' financial dealings, loss of confidence

and trust of clients, loss of goodwill, and loss of business reputation;

c)      Loss of personnel, damage to office stability, and a threat to the

enforcement of reasonable contracts; and

d)      Present economic loss, which unascertainable at this time, and future

economic loss, which is presently incalculable.

33.     Morgan Stanley has no adequate remedy at law.

- 7

Jones & Colver, LLC.
Attorneys at Law
1900 West Benson Blvd., Suite 201
Anchorage, Alaska 99517
Telephone: (907) 272-6511
Fax: (907) 276-6511

7146-3 pjb

1

## COUNT II – BREACH OF CONTRACT

2

34.     Morgan Stanley realleges paragraphs 1-28 above.

3

35.     Defendants have violated and may intend to continue to violate their

4

agreements, including the Employment Agreements and the Distribution Agreements.

5

36.     As a consequence of defendants' violations, Morgan Stanley has suffered and

6

will continue to suffer irreparable harm.

7

## COUNT III – MISAPPRORIATION OF TRADE SECRETS

8

37.     Morgan Stanley realleges paragraphs 1- 28.

9

38.     Morgan Stanley's customer lists and other proprietary information constitute

10

trade secrets under the Uniform Trade Secrets Act as enacted in Alaska ("UTSA").  Alaska

11

Stat. 45.50.910 *et seq.*

12

39.     Defendants' disclosure and use of Morgan Stanley's trade secrets is in

13

violation of the UTSA, which in part allows for injunctive relief..

14

40.     As a direct and proximate result of defendants' misappropriation of Morgan

15

Stanley's trade secrets, Morgan Stanley has suffered and will continue to suffer irreparable

16

harm for its actual loss and defendants have been unjustly enriched by their acts of

17

misappropriation.

18

## COUNT IV -- CONVERSION

19

41.     Plaintiff realleges paragraphs 1- 28.

20

42.     The foregoing conduct of defendants constitutes a conversion of Morgan

21

Stanley's confidential business information, Morgan Stanley's property, and Morgan

22

Stanley's proprietary rights and interests.

23

43.     As a consequence of the foregoing, Morgan Stanley has suffered and will

24

continue to suffer irreparable harm and loss.

25

26

- 8

Jones & Colver, LLC.
Attorneys at Law
1900 West Benson Blvd., Suite 201
Anchorage, Alaska 99517
Telephone: (907) 272-6511
Fax: (907) 276-6511

7146-3 pjb

**COUNT V – BREACH OF DUTY OF LOYALTY**

44.     Morgan Stanley realleges paragraphs 1- 28.

45.     Defendants have each violated their common law duty of loyalty and the fiduciary duty arising under their employment contracts and relationships with Morgan Stanley.

46.     As a consequence of the foregoing, Morgan Stanley has suffered and will continue to suffer irreparable harm and loss.

**COUNT VI – UNFAIR COMPETITION**

47.     Morgan Stanley realleges paragraphs 1-28.

48.     Defendants' conduct constitutes an unfair method of competition.

49.     As a consequence of the foregoing, Morgan Stanley has suffered and will continue to suffer irreparable harm and loss.

WHEREFORE, Morgan Stanley prays that this Court grant judgment in its favor against defendants for temporary and preliminary injunctive relief pending an arbitration hearing on the merits of the cases against both defendants, before duly appointed panels of arbitrators to be held pursuant to the National Association of Securities Dealers Code of Arbitration Procedure.  Specifically, Morgan Stanley requests that Temporary Restraining Orders and/or Preliminary Injunction Orders issue immediately, enjoining both defendants, directly or indirectly, and whether alone or in concert with others, including any officer, agent, employee and/or representative of defendants' new employer, AGE, until hearing and thereafter until further Order of this Court from:

a)      soliciting or otherwise initiating any further contact or communication with any client of Morgan Stanley whom defendants served or whose name became known to defendants while in the employ of Morgan Stanley for the purpose of advising said clients of their new affiliation or for the purpose of inviting, encouraging, or requesting the transfer of any accounts or business

- 9

Jones & Colver, LLC.
Attorneys at Law
1900 West Benson Blvd., Suite 201
Anchorage, Alaska 99517
Telephone:  (907) 272-6511
Fax: (907) 276-6511

7146-3 pjb

1   patronage from Morgan Stanley (excluding members of defendants' families

2   and relatives); and

3   b)     using, disclosing, or transmitting for any purpose, any information contained

4   in the records of Morgan Stanley or concerning its customers, including for

5   purposes of soliciting or accepting business or account transfers from any

6   customer formerly serviced by defendants.

7   Dated this _____ day of June, 2006.

8                                          Jones & Colver, LLC

9

10                                         S/ Calvin R. Jones
11                                         1900 West Benson Blvd., Suite 201
                                           Anchorage AK 99517
12                                         Phone:  (907) 272-6511
13                                         Fax:  (907) 276-6511
                                           E-mail:  pj@jonescolver.com
14                                         Alaska Bar #_7610109_____

15                                         *Of Attorneys for Plaintiff Morgan Stanley DW
                                           Inc.*
16

17

18

19

20

21

22

23

24

25

26

- 10

Jones & Colver, LLC.
Attorneys at Law
1900 West Benson Blvd., Suite 201
Anchorage, Alaska 99517
Telephone:  (907) 272-6511
Fax: (907) 276-6511

7146-3 pjb

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE - 1

Jones & Colver, LLC
1900 West Benson Blvd. Suite 201
Anchorage AK 99517
Telephone: (907) 272-6511
Fax: (907) 276-6511