Employee's possession are and remain the property of MSDW and, as such, are not to be removed from or used outside of any MSDW offices except as authorized by MSDW. In addition, Employee agrees to return immediately all Confidential and Proprietary Information and Records in Employee's possession or control should Employee's employment terminate for any reason and at any time. Employee further agrees not to divulge or disclose Confidential and Proprietary Information and Records or any other confidential information relating to any other client to any person or entity outside MSDW including but not limited to a competitor of MSDW either during Employee's employment or at any time thereafter.

4.   **Covenant Not to Solicit.**  Employee agrees that upon termination of employment from MSDW for any reason and at any time, for a period of one (1) year following such termination of employment, Employee will not solicit directly or indirectly any of the Assigned Clients or Related Clients.  Prohibited solicitation includes but is not limited to any contact or communication, of any kind whatsoever, whether made by Employee directly or by another party or person through the use of Company Records or Information provided by Employee, for the purpose of inviting, encouraging or requesting any such account to transfer to Employee's new employer, to open a new account with Employee or Employee's new employer, or to otherwise discontinue or disrupt its existing business relationship with MSDW.

5.   **Injunctive Relief.**  In the event Employee breaches any of the terms contained in paragraphs 3 and 4 above, Employee agrees that MSDW will suffer immediate and irreparable harm and that money damages will not be adequate to compensate MSDW or to protect the status quo. Accordingly, Employee consents to the issuance of a temporary restraining order or a preliminary or permanent injunction ordering:

(a) Employee immediately to return to MSDW all Confidential and Proprietary Information and Records relating to the Assigned or Related Clients whether original, duplicated, computerized, handwritten, or any other form whatsoever, and enjoining and restraining Employee from using or disclosing any information contained in such records; and

(b) that, for a period of one year, Employee be enjoined and restrained directly or indirectly from soliciting any Assigned or Related Account; and

(c) that for a period of one year, Employee be further enjoined and restrained, directly or indirectly, from accepting business from any Assigned or Related Client who was solicited in violation of paragraph 4 or whose records and/or information were used in violation of paragraph 3.

6.   **Arbitration.**   Any controversy or claim arising out of or relating to this agreement or its breach, will be settled by arbitration before either the National Association of Securities Dealers, Inc. or the New York Stock Exchange, Inc., as MSDW may elect, in accordance with their respective rules, and judgment upon the award entered by the arbitrator(s) may be entered in any court having jurisdiction thereof. In addition, Employee agrees to stipulate, upon request by DWR, to expedited hearing procedures for such arbitration.  Furthermore, Employee understands and agrees that this paragraph will not be deemed a waiver of MSDW's right to injunctive relief as provided for in paragraph 5 of this agreement.

7.   **Jurisdiction.**  For the purpose of paragraph 5, Employee agrees to submit to, and confer jurisdiction on, the United States District Court or the State Court which has original

Exhibit  A
Page  4  of  5

jurisdiction for the judicial district or county in which Employee last worked for MSDW. This Agreement shall be construed, governed by, and enforced in accordance with the laws of said jurisdiction.

8. **Acknowledgments.** This agreement is intended to supplement any other MSDW confidentiality and unfair competition policy, agreement, contract and covenant to which Employee may be subject. It is not intended, nor should it be construed, to be a modification of or substitution for such other confidentiality or unfair competition policies, agreements, contracts and covenants, or to be a contract of employment. By signing below, Employee acknowledges and agrees that MSDW reserves the right to reassign to another financial advisor at any time and for any reason, the accounts of the Assigned Clients and Related Clients, and that Employee has read and reviewed this Agreement in its entirety, has been given an opportunity to ask MSDW questions about it, and has been given an opportunity to consult with an attorney of Employee's choice. By signing below, Employee acknowledges that Employee understands the terms of this Agreement and knowingly and freely agrees to its terms.

_____    5/23/01
Financial Advisor or Trainee           Date

Morgan Stanley D. W., Inc. d/b/a Morgan Stanley

_____    6/20/01
By: Branch Office Manager              Date

Exhibit __A__
Page __5__ of __5__