# Morgan Stanley

## Account Distribution Acknowledgment

This Account Distribution Acknowledgement (the "Acknowledgement") is entered into between Morgan Stanley DW Inc, d/b/a Morgan Stanley ("MSDW") and _Lynn D Seth_ (the "Employee") on this _11th_ day of _August_ 20_05_ for the purpose of assigning to Employee clients, prospective client leads or client accounts which were formerly opened, developed and/or serviced by, or had a prior business relationship with, an employee of MSDW other than Employee. For purposes of this Acknowledgement, MSDW shall include any and all parents, subsidiaries, affiliates, predecessors and successor entities.

Employee understands and agrees that the existing client accounts, relationships and account leads or prospects are a valuable asset of MSDW and their assignment to Employee by MSDW for development and/or servicing is desired by Employee and may result in additional clients or benefits to Employee including but not limited to commissions and the referral of related client accounts; and

Employee further agrees that but for the assignment of the above-referenced client leads, existing clients and accounts and the referral of related clients and accounts to Employee, said leads, clients and accounts would not be available to Employee.

In exchange for participating in an account distribution, Employee further agrees to the conditions set forth in this Acknowledgement as follows:

1. **Assigned Clients and Leads.** During Employee's employment by MSDW as a Financial Advisor, MSDW may assign to the Employee one or more client prospects or leads, clients or client accounts formerly identified, developed, opened, or serviced by a MSDW employee other than the Employee (the "Assigned Clients").

2. **Related Clients.** Assigned Clients may refer new client accounts to the Employee (the "Related Clients"). The Employee acknowledges and agrees that the Related Clients are directly derived from the Assigned Clients.

3. **Confidential and Proprietary Company Information and Records.** It is understood and agreed that all files, papers, memoranda, letters, floppy disks, facsimile, electronic or other communications whether original, duplicated, computerized, memorized, handwritten or in any other form, and all information derived therefrom relating to the business of MSDW and MSDW employees and clients, including but not limited to the names, addresses, telephone, e-mail or any other identifying numbers and financial information of the Assigned Clients and the Related Clients (hereinafter collectively "Confidential and Proprietary Information and Records") are confidential and the sole and exclusive property of MSDW. Employee further agrees that Confidential and Proprietary Information and Records whether provided to Employee by MSDW or by the Assigned Clients or Related Clients is entrusted to Employee as an employee and sales representative of MSDW. Employee agrees that Confidential and Proprietary Information and Records in Employee's possession are and remain the property of MSDW and, as such, are not to be removed from or used outside of any MSDW offices except as authorized by MSDW. In addition, Employee agrees to return immediately all Confidential and Proprietary Information and Records in Employee's possession or control should Employee's employment terminate for any reason and at any time. Employee further agrees not to divulge or disclose Confidential and Proprietary Information and Records or any other confidential information relating to any other client to any person or entity

Morgan Stanley

outside MSDW including but not limited to a competitor of MSDW either during Employee's employment or at any time thereafter.

**4. Covenant Not to Solicit.** Employee agrees that upon termination of employment from MSDW for any reason and at any time, for a period of one (1) year following such termination of employment, Employee will not solicit directly or indirectly any of the Assigned Clients or Related Clients. Prohibited solicitation includes but is not limited to any contact or communication, of any kind whatsoever, whether made by Employee directly or by another party or person through the use of Company Records or Information provided by Employee, for the purpose of inviting, encouraging or requesting any such account to transfer to Employee's new employer, to open a new account with Employee or Employee's new employer, or to otherwise discontinue or disrupt its existing business relationship with MSDW.

**5. Injunctive Relief.** In the event Employee breaches any of the terms contained in paragraphs 3 and 4 above, Employee agrees that MSDW will suffer immediate and irreparable harm and that money damages will not be adequate to compensate MSDW or to protect the status quo. Accordingly, Employee consents to the issuance of a temporary restraining order or a preliminary or permanent injunction ordering:

(a) Employee immediately to return to MSDW all Confidential and Proprietary Information and Records relating to the Assigned or Related Clients whether original, duplicated, computerized, handwritten, or any other form whatsoever, and enjoining and restraining Employee from using or disclosing any information contained in such records; and

(b) that, for a period of one year, Employee be enjoined and restrained directly or indirectly from soliciting any Assigned or Related Account; and

**6. Arbitration.** Any controversy or claim arising out of or relating to this acknowledgement or its breach, will be settled by arbitration before either the National Association of Securities Dealers, Inc. or the New York Stock Exchange, Inc., as MSDW may elect, in accordance with their respective rules, and judgment upon the award entered by the arbitrator(s) may be entered in any court having jurisdiction thereof. In addition, Employee agrees to stipulate, upon request by MSDW, to expedited hearing procedures for such arbitration. Furthermore, Employee understands and agrees that this paragraph will not be deemed a waiver of MSDW's right to injunctive relief as provided for in paragraph 5 of this Acknowledgement.

**7. Jurisdiction.** For the purpose of paragraph 5, Employee agrees to submit to, and confer jurisdiction on, the United States District Court or the State Court that has original jurisdiction for the judicial district or county in which Employee last worked for MSDW. This Acknowledgement shall be construed, governed by, and enforced in accordance with the laws of said jurisdiction.

**8. Acknowledgments.** This Acknowledgement is intended to supplement any other MSDW confidentiality and unfair competition policy, agreement, contract and covenant to which Employee may be subject. It is not intended, nor should it be construed, to be a modification of or substitution for such other confidentiality or unfair competition policies, agreements, contracts and covenants, or to be a contract of employment. By signing below, Employee acknowledges and agrees that MSDW reserves the right to reassign to another Financial Advisor at any time and for any reason, the accounts of the Assigned Clients and Related Clients, and that Employee has

# Morgan Stanley

read and reviewed this Acknowledgement in its entirety and has been given an opportunity to ask MSDW questions about it. By signing below, Employee agrees that Employee understands the provisions of this Acknowledgement and knowingly and freely agrees to its terms.

_____        _____
Financial Advisor/Employee              Date  8-11-05

Morgan Stanley DW Inc.


_____        _____
By: Branch Office Manager               Date

Exhibit  F
Page  3  of  3