Advisors, they admitted that they had taken employment with a competitor securities firm, A.G. Edwards & Sons, Inc ("AGE") and tendered their resignation to me, without previous notice, effective immediately.

11. Each of the Former Advisors provided resignation letters that were dated Friday, May 26, 2006. It is well known that the Morgan Stanley Anchorage office would be closed on Monday May 29, 2006 for the Memorial Day Holiday. Upon information and belief, the Former Advisors chose to resign on the Friday before a holiday weekend to gain a strategic advantage of soliciting Morgan Stanley clients (which is prohibited by their employment agreements) before Morgan Stanley could assign the servicing of clients to other Morgan Stanley Financial Advisors. Schommer, Soiseth and Ingrim each attached a solicitation letter to their resignation letter. In their resignation letters, Schommer, Soiseth and Ingrim each indicated that they intended to send the solicitation letter to Morgan Stanley's clients. The solicitation letter informs Morgan Stanley clients of the Former Advisors' decision to work for AGE and encourages Morgan Stanley's clients to contact the Former Advisors at their new place of employment. The resignation letters and solicitation letters to Morgan Stanley clients are attached as Exhibits I through O.

12. Upon information and belief, the Former Advisors provided AGE with Morgan Stanley customer contact information so that the Former Advisors could conduct a mass mailing to Morgan Stanley clients. I know of at least one Morgan Stanley customer that has reported that they received, via overnight delivery, a packet of documents from the Former Advisors, which encouraged the Morgan Stanley client to transfer their assets to AGE.

Jones & Colver, LLC.
Attorneys at Law
1900 West Benson Blvd., Suite 201
Anchorage, Alaska 99517
Telephone: (907) 272-6511
Fax: (907) 276-6511

7146-3 pjb

13. By virtue of the Former Advisors' employment at Morgan Stanley, the Former Advisors gained access to the books and records of Morgan Stanley, the confidential information contained therein, and especially the identity of Morgan Stanley customers, including their names and addresses, financial statements, investment objectives, assets, net worths, investment histories, and the securities held by these customers in their Morgan Stanley accounts.

14. The Morgan Stanley accounts that the Former Advisors serviced were the result of substantial expenditures by Morgan Stanley. The Former Advisors' sole access to Morgan Stanley's accounts and the benefits of Morgan Stanley's substantial resources, which enabled them to succeed as registered representatives of Morgan Stanley and to attract and maintain additional customer accounts, were due to their status as Morgan Stanley employees and their promises to keep Morgan Stanley's client information confidential.

15. In consideration of the above covenants by the Former Advisors, Morgan Stanley agreed to, and in fact did, register and compensate the Former Advisors, provide the Former Advisors with Morgan Stanley operational and sales systems, research and development, sales assistants and support, reputation and goodwill, as well as provide them with Morgan Stanley customers, such as (1) "walk-ins," (2) "call-ins," (3) reassignments, (4) clients from Morgan Stanley-sponsored seminars, (5) leads from lists purchased from mail-order firms, (6) leads from Morgan Stanley national advertising campaigns, (7) leads from customer responses to national television campaigns, (8) leads responding to Morgan Stanley's newspaper coupons, (9) leads calling Morgan Stanley's toll-

Jones & Colver, LLC.
Attorneys at Law
1900 West Benson Blvd., Suite 201
Anchorage, Alaska 99517
Telephone: (907) 272-6511
Fax: (907) 276-6511

7146-3 pjb

free telephone number, (10) leads from blanket mailings to zip codes, and (11) other customer leads and sales advantages resulting from Morgan Stanley's goodwill, reputation, and name recognition in the securities industry.

16. Each of the Former Advisors was in a "partnership" with each other and with another Morgan Stanley Financial Advisor, Steve Pederson. Attached as Exhibit P is a copy of the Join Production Agreement executed by each of the Former Advisors on or about February 1, 2005. The purpose of the Joint Production Agreement was to "better service clients and to share in commissions generated by customer accounts." By soliciting Morgan Stanley clients that fall under the umbrella of the Joint Production Agreement, the Former Advisors are in effect breaching their duties to the remaining Joint Producer, Mr. Pederson, who will be negatively impacted by the Former Advisors' unlawful conduct.

17. Upon information and belief, the Former Advisors' conduct, namely the disclosure of confidential Morgan Stanley information, and the solicitation of Morgan Stanley clients, constitutes a misappropriation of Morgan Stanley's trade secrets, breach of contract, unfair competition and breach of the Former Advisors' fiduciary duties to Morgan Stanley.

I declare under penalty of perjury under the laws of the State of Alaska that

- 7

Jones & Colver, LLC.
Attorneys at Law
1900 West Benson Blvd., Suite 201
Anchorage, Alaska 99517
Telephone: (907) 272-6511
Fax: (907) 276-6511

7146-3 pjb

1  the foregoing are true and correct statements to the best of my knowledge, information, and
2  belief.
3
    Signed at Anchorage, Alaska this 2nd day of June, 2006.

    _____
    Harold Pierce

    SUBSCRIBED AND SWORN to before me this 2nd day of June, 2006.

    OFFICIAL SEAL
    STATE OF ALASKA
    NOTARY PUBLIC
    POLLY JEAN BOUSSELAIRE

    _____
    Notary Public for the State of Alaska
    My Commission Expires: 11·24·08

- 8

7146-3 pjb

Jones & Colver, LLC.
Attorneys at Law
1900 West Benson Blvd., Suite 201
Anchorage, Alaska 99517
Telephone: (907) 272-6511
Fax: (907) 276-6511

# EXHIBITS TO THE AFFIDAVIT OF HAROLD PIERCE

| Exhibit | | Description |
|---|---|---|
| A. | | Schommer Employment Agreement |
| | A-1 | Schommer Account Referral/Assigned Lead Agreement |
| B. | | Soiseth Employment Agreement |
| | B-1 | Soiseth Account Referral/Assigned Lead Agreement |
| C. | | O'Reilly Employment Agreement |
| | C-1 | O'Reilly Account Referral/Assigned Lead Agreement |
| D. | | Ingrim Employment Agreement |
| E. | | Schommer Account Distribution Acknowledgement |
| F. | | Soiseth Account Distribution Acknowledgement |
| G. | | O'Reilly Account Distribution Acknowledgement |
| H. | | Ingrim Account Distribution Acknowledgement |
| I. | | Schommer Resignation letter |
| J | | Schommer Solicitation letter |
| K. | | Soiseth Resignation letter |
| L. | | Soiseth solicitation letter |
| M. | | O'Reilly Resignation letter |
| N. | | Ingrim Resignation letter |
| O. | | Ingrim Solicitation letter |
| P. | | Joint Production Agreement |
| | P-1 | Joint Production Agreement Acknowledgement Ty Schommer |
| | P-2 | Joint Production Agreement Acknowledgement L Soiseth |
| | P-3 | Joint Production Agreement Acknowledgement V O'Reilly |
| | P-4 | Joint Production Agreement Acknowledgement S. Ingrim |