**DEAN WITTER REYNOLDS INC.**

**ACCOUNT EXECUTIVE EMPLOYMENT AGREEMENT (NON-TRAINEE)**

This Agreement is made between Dean Witter Reynolds Inc., a Delaware Corporation, (referred to as "Dean Witter") and

LYNN ANTHONY SOISETH _____ (referred to as the "Employee").

In consideration of Dean Witter's employment and compensation of the Employee as an Account Executive and other good and valuable consideration, the parties hereby agree as follows:

### 1. CUSTOMER LISTS AND OTHER CONFIDENTIAL INFORMATION

1.1 All records and documents concerning the business and affairs of Dean Witter (hereinafter "Company Records"), and the right to use Company Records, are, and will always be the confidential and exclusive property of Dean Witter. Company Records include, but are not limited to Dean Witter books and records; holding book or customer book pages; the names, addresses, telephone numbers, and assets and obligations carried in the accounts [commonly called "positions"] of Dean Witter's customers; computer software or hardware for use in computer or word processing equipment; all advanced training material forwarded to the Employee during his/her employment including but not limited to books, papers, records, videotapes and recordings; and documents or computer programs prepared or generated by the employee by the use of Company Records. Company Records include the originals and all copies thereof. The Employee's use of Company Records will stop immediately upon the first of the following events to occur: the Employee's (1) resignation, (2) retirement, (3) release, (4) discharge, (5) suspension, or (6) acceptance of other employment.

1.2 The Employee, during the course of his employment with Dean Witter, will not remove Company Records from the premises of Dean Witter in either original or copied form, except in the ordinary course of conducting business for, and subject to approval by, Dean Witter. The Employee will immediately deliver to Dean Witter, upon acceptance of other employment, at the time of termination of employment, or at any other time upon Dean Witter's request, any Company Records in the Employee's possession or control.

1.3 The Employee will not at any time assert any claim of ownership or other property interest in any Company Records. The Employee will permit Dean Witter to inspect any materials to be removed from Dean Witter offices when he accepts other employment or when his employment with Dean Witter is terminated.

1.4 The Employee will not disclose to any person or entity the contents, in whole or in part, of Company Records, except in the ordinary course of conducting business for Dean Witter.

1.5 Both during and subsequent to the course of his employment with Dean Witter, the Employee will not divulge to any person any information received during the course of his employment concerning the business of the firm and its financial affairs.

### 2. UNFAIR COMPETITION

2.1 For a period of ninety (90) days following termination of employment for any reason, and within a radius of twenty-five (25) miles from the Dean Witter office to which the Employee was last assigned, the Employee will not solicit or attempt to solicit, directly or indirectly, any of Dean Witter's customers who were served by or whose names became known to the Employee while in the employ of Dean Witter with respect to securities, commodities, financial futures, insurance, tax advantaged investments, mutual funds or any other line of business in which Dean Witter or any of its affiliates is engaged.

2.2 For a period of ninety (90) days following termination of employment for any reason, and within a radius of twenty-five (25) miles from the Dean Witter office to which the Employee was last assigned, the Employee will not, directly or indirectly, recruit or solicit any employee of Dean Witter for employment with any other organization which does business in securities, commodities, financial futures, insurance, tax advantaged investments, mutual funds or any other line of business in which Dean Witter or any of its affiliates is engaged.

### 3. RIGHT TO INJUNCTION

In the event the Employee breaches any of the promises concerning "Customer Lists and Other Confidential Information" or "Unfair Competition" contained in paragraphs 1 and 2 of this Agreement, the Employee acknowledges that Dean Witter's remedy at law for damages will be inadequate and that Dean Witter will be entitled to an injunction to prevent the Employee's prospective or continuing breach and to maintain the status quo pending arbitration as provided in paragraph 7 of this Agreement. Dean Witter's application to a court of law for an injunction will not constitute a waiver by Dean Witter of its right to arbitration as provided in paragraph 7 of this Agreement. The Employee further agrees that any court of law which issues an injunction shall refer any claim for damages to arbitration as provided in paragraph 7 of this Agreement.

Exhibit B
Page 1 of 2

DWR-9859 (1-87) FRONT

4. **HOLD HARMLESS**

The Employee will indemnify and hold Dean Witter harmless against any and all losses or liabilities incurred by the firm as the result of the Employee's breach of any of the promises herein, or due to the Employee's errors, rule violations or violations of Dean Witter's policies during the course of his employment.

5. **TERMINATION OF EMPLOYMENT**

The Employee's employment by Dean Witter may be terminated by either party at any time with or without cause.

6. **ENTIRE AGREEMENT.**

This writing constitutes the entire agreement of the parties with respect to the subject matter herein. This Agreement may be amended only by a writing signed by both the Employee and Dean Witter.

7. **ARBITRATION**

Any controversy or claim arising out of or relating to this Agreement, or its breach, will be settled by arbitration before either the National Association of Securities Dealers, Inc. or the New York Stock Exchange, Inc. in accordance with their respective rules, and judgment upon the award entered by the arbitrator(s) may be entered in any court having jurisdiction thereof. Employee agrees to stipulate, upon request by Dean Witter, to expedited hearing procedures for such arbitration. This paragraph will not be deemed a waiver of Dean Witter's right to injunctive relief as provided for in paragraph 3 of this Agreement.

8. **SUCCESSORS**

The benefits and obligations of this Agreement will run to the successors and assigns of Dean Witter.

9. **GOVERNING LAW**

This Agreement will be governed and construed in accordance with the laws of the state where the Employee signs this Agreement, as indicated below.

10. **WAIVER**

Dean Witter's failure to enforce a breach of any covenant of this Agreement will not constitute a waiver of Dean Witter's right to enforce any other breach of the same or any other covenant.

11. **SEVERABILITY**

If any provision of this Agreement is, for any reason, adjudged to be void, invalid or unenforceable by an arbitrator or arbitration panel, a regulatory body or a court of law, the remainder of the Agreement will still continue and remain in full force and effect.

SIGNED IN THE STATE OF   ALASKA

DATE: 1-15-88

EMPLOYEE'S SIGNATURE: *Lynn A. Soiseth*
LYNN A. SOISETH

DEAN WITTER REYNOLDS INC.

DATE: 1-15-88

GARI B. ANDREINI

DWR-9859 (1-87) BACK

Exhibit B
Page 2 of 2