# NASD DISPUTE RESOLUTION, INC.

Arbitration Between:

The Smith Barney Division of Citigroup Global
Markets, Inc. (formerly known as Salomon Smith
Barney, Inc.),

Claimant,

and

Ty Stephens, Patrick M. Adams, Patrick M. Adams,
Mitchell O. Kernus, and UBS Financial Services, Inc.,
Respondents.

Case No. 04-1781

BEFORE:   PAUL GREENBERG, Esq.   Public Arbitrator, Chair
WILSON THOMPSON,   Industry Arbitrator
EDWARD B. MYERS, Esq.   Public Arbitrator

**Appearances:**
*For Smith Barney:*
   Leslie Reider, Esq., *Kasowitz, Benson, Torres & Friedman LLP, New York, New York*

*For Ty Stephens, Patrick Adams and Mitchell Kernus:*
   Stephen J. Mathes, Esq.; A. Elizabeth Balakhani, Esq., *Hoyle, Fickler, Herschel & Mathes LLP,
   Philadelphia, Pennsylvania*

*For UBS Financial Services:*
   Steven B. Pherson, Esq., *Schuyler, Roche & Zwirner, P.C., Chicago, Illinois*

## ORDER ON REQUEST FOR PERMANENT INJUNCTION

A hearing on Claimant Smith Barney's request for permanent injunctive relief was held on
April 1, 2004, in Washington, D.C.

The key facts in this case are undisputed. Until March 12, 2004, Respondents Patrick Adams
and Mitchell Kernus were financial consultants in Smith Barney's Alexandria, Virginia, office. In
addition to having individual clients, the two financial consultants also had a joint account number
with the firm and provided service together for several clients. Adams and Kernus were among the
top producing financial consultants at the Alexandria office.

Also prior to March 12, 2004, Respondent Ty Stephens was Branch Manager of Smith
Barney's Alexandria, Virginia office. Stephens was a producing manager *as*, in addition to his role

Exhibit _2_

Page _1_ of _6_

EXHIBIT B
Page 1 of 6

supervising the operation of the branch, he also managed investments for clients. Many of Stephens' clients were served through a joint account number that he held with Adams and Kernus.

At different times in the past, Adams, Kernus and Stephens (collectively, the "individual respondents") had signed agreements with Smith·Barney or its predecessor firms that included commitments not to contact or solicit the firm's clients if they should leave the firm. In addition, as Branch Manager, Stephens had signed an employment agreement in which he agreed that if he left Smith Barney, he would not solicit any employees of Smith Barney within 100 miles of his new work location to leave the Smith Barney firm in favor of his new employer.

According to the testimony introduced at the hearing, late in 2003 Adams and Kernus entered into negotiations with UBS Financial Services to change their employment. Adams and Kernus subsequently informed Stephens of their plans, and encouraged him to join them in moving to UBS.

Sometime prior to Friday, March 12, 2004, each of the three individual respondents provided UBS with account information relating to their clients at Smith Barney. UBS prepared letters to Adams', Kernus' and Stephens' clients advising them of the financial consultants' change of employment and encouraging the clients to transfer their accounts from Smith Barney to UBS. UBS also prepared account transfer (ACAT) forms to transfer the clients' accounts from Smith Barney to UBS.

The three individual respondents submitted resignation letters to Smith Barney after the stock market closed on March 12. After submitting their resignations, all three went to a UBS office and began calling their clients from Smith Barney to advise them of their move. In addition, UBS forwarded the letters and ACATS to all the individual respondents' Smith Barney clients via overnight delivery.

In conjunction with the departure of Stephens, Adams and Kernus, two staff assistants from the Alexandria branch also resigned and went to work for UBS.

Smith Barney promptly filed a complaint against the individual respondents in the U.S. District Court for the Eastern District of Virginia, seeking injunctive relief. Smith Barney's motion for a TRO and preliminary injunction was granted in part on March 16, 2004, pending an arbitration hearing before an NASD arbitrator panel. Order, *Smith Barney Division of Citgroup Global Markets, Inc. (f/k/a Salomon Smith Barney) v. Stevens et al*, Civ. 04-276-1.

The NASD arbitration hearing on permanent injunctive relief pursuant to §10335(b) of the NASD Code of Arbitration Procedure was held on April 1, 2004. At the hearing, the parties accepted the panel's composition.

The arbitrators raised the question of the choice of law that would control the injunction request; in response, the parties noted that Virginia law would govern some elements of the case

Exhibit ___2___

Page ___2___ of ___6___

Case No. _____

EXHIBIT B
Page 2 of 6

because Virginia is the state where the events occurred, while New York law would govern other elements of the case because some (but not all) of the contractual agreements with the individual respondents specified that New York law would apply. However, the standards for injunctive relief in this matter would be the same under both Virginia and New York law.

Prior to the hearing, Smith Barney submitted a Motion in Limine seeking to exclude evidence relating to UBS' argument that injunctive relief was unavailable because Smith Barney allegedly had "unclean hands" in this matter. UBS filed an opposition to the Motion. The hearing began with oral argument on the Motion, and the panel ruled that UBS would be allowed to introduce evidence that related to the hiring, recruitment and training of the financial consultants involved in this matter, but that evidence relating to Smith Barney's practices in other cases would be barred.

At the conclusion of the hearing, the parties noted on the record that they had been provided a full and fair opportunity to present their evidence. In addition, they agreed that this Order may be executed by the arbitrators in counterpart.

## ORDER

With regard to the temporary restraining order and preliminary injunction issued March 16, 2004, in the matter of *Smith Barney Division of Citgroup Global Markets, Inc. (f/k/a Salomon Smith Barney) v. Stevens et al*, Civ. 04-276-1 (E.D. Va.), the TRO and Preliminary Injunction is hereby **DISSOLVED** by this panel, as expressly authorized by ¶7 of the Court's Order.

On Claimant Smith Barney's request for permanent injunction, the panel **ORDERS** the following:

*Solicitation of Smith-Barney employees by Stephens:* Respondent Stephens is enjoined, directly or indirectly, whether alone or in concert with others (including any officer, agent, representative, sales assistant and/or employee of Respondent UBS Financial Services, Inc.) from soliciting or inducing any Smith Barney employee to resign from the Smith Barney branch located in Alexandria, Virginia, or any other Smith Barney office located within a one hundred (100) mile radius of the UBS office where Stephens is employed, in order for that employee to accept employment at UBS.

*Return of Smith Barney data:* To the extent that Respondents Stephens, Adams and Kernus have not already done so, they and anyone acting in active concert or participation with them (including any officer, agent, representative, sales assistant and/or any employee of UBS Financial) are ordered to return to Smith Barney any and all originals or copies of Smith Barney records and documents that were generated by Smith Barney in its normal course of business or maintained on the Smith Barney computerized network; however, (1) counsel for Respondents may retain a copy of all documents returned to Smith Barney pursuant to this

Exhibit _2_
Page _3_ of _6_
Case No. _____

EXHIBIT B
Page 3 of 6

paragraph solely for litigation purposes, and (2) Respondents may retain a copy of any records or client information pertaining to clients from whom they have received a signed transfer order.

*Non-disparagement:*  Smith Barney and its employees shall not disparage Respondents Stephens, Adams and Kernus. Respondents Stephens, Adams and Kernus shall not disparage Claimant Smith Barney and its officers, agents and employees.

*Information about the current employment of Respondents Smith, Adams and Kernus:* Smith Barney and its employees shall not provide any misleading information about Respondents Smith, Adams and Kernus, including their current employment.

Recognizing the importance of client choice in the selection of financial consultants, and because the panel concludes that Smith Barney has adequate remedies at law, Smith Barney's request that Stephens, Adams and Kernus be enjoined from soliciting or contacting Smith Barney clients is **DENIED.**

One-half of the fees in this matter shall be paid by Smith Barney. The other half of the fees in this matter shall be paid by Stephens, Adams, Kernus and UBS, whose obligation for payment of fees shall be joint and several.

This Order shall expire August 12, 2005.

_____        4/7/04
Paul Greenberg, Esq., Chair           date


_____        _____
Wilson Thompson                          date


_____        _____
Edward B. Myers, Esq.                   date

Date issued by NASD:  April 7, 2004

Exhibit   2
Page   4   of   6
Case No

EXHIBIT B
Page 4 of 6

Smith Barney v. Stephens et al
NASD Dispute Resolution No. 04-1781
Page 4 of 4

paragraph solely for litigation purposes, and (2) Respondents may retain a copy of any records or client information pertaining to clients from whom they have received a signed transfer order.

*Non-disparagement:* Smith Barney and its employees shall not disparage Respondents Stephens, Adams and Kernus. Respondents Stephens, Adams and Kernus shall not disparage Claimant Smith Barney and its officers, agents and employees.

*Information about the current employment of Respondents Smith, Adams and Kernus:* Smith Barney and its employees shall not provide any misleading information about Respondents Smith, Adams and Kernus, including their current employment.

Recognizing the importance of client choice in the selection of financial consultants, and because the panel concludes that Smith Barney has adequate remedies at law, Smith Barney's request that Stephens, Adams and Kernus be enjoined from soliciting or contacting Smith Barney clients is **DENIED.**

One-half of the fees in this matter shall be paid by Smith Barney. The other half of the fees in this matter shall be paid by Stephens, Adams, Kernus and UBS, whose obligation for payment of fees shall be joint and several.

This Order shall expire August 12, 2005.

_____        _____
Paul Greenberg, Esq., Chair                     date


_____        _____
Wilson Thompson                                    date


_____        _____
Edward B. Myers, Esq.                              4/7/04
                                                             date

Date issued by NASD: _April 7, 2004_

Exhibit ___2___
Page __5__ of __6__
Case No. _____

EXHIBIT B
Page 5 of 6

paragraph solely for litigation purposes, and (2) Respondents may retain a copy of any records or client information pertaining to clients from whom they have received a signed transfer order.

*Non-disparagement:*  Smith Barney and its employees shall not disparage Respondents Stephens, Adams and Kernus. Respondents Stephens, Adams and Kernus shall not disparage Claimant Smith Barney and its officers, agents and employees.

*Information about the current employment of Respondents Smith, Adams and Kernus:* Smith Barney and its employees shall not provide any misleading information about Respondents Smith, Adams and Kernus, including their current employment.

Recognizing the importance of client choice in the selection of financial consultants, and because the panel concludes that Smith Barney has adequate remedies at law, Smith Barney=s request that Stephens, Adams and Kernus be enjoined from soliciting or contacting Smith Barney clients is **DENIED**.

One-half of the fees in this matter shall be paid by Smith Barney. The other half of the fees in this matter shall be paid by Stephens, Adams, Kernus and UBS, whose obligation for payment of fees shall be joint and several.

This Order shall expire August 12, 2005.


_____          _____
Paul Greenberg, Esq., Chair                       date


_____          4/07/2004
Wilson Thompson                                      date


_____          _____
Edward B. Myers, Esq.                               date


Date issued by NASD: _____


Exhibit  2
Page  6  of  6
Case No.

EXHIBIT B
Page 6 of 6