RECEIVED BY
OCT 1 2002
RUSING & LOPEZ

## Order on Request for Permanent Injunction

NASD DISPUTE RESOLUTION, INC.

An in-person or telephonic hearing on a request for Permanent Injunction under Rule 10335 of the *Code of Arbitration Procedure*, was held in the matter of:

CLAIMANT(S):

Merrill Lynch Pierce Fenner & Smith, Incorporated ("Merrill Lynch")

RESPONDENT(S):

James J. Stark, Rick P. Stark, Richard C. Von Albrecht, Roger D. Barton, Stanley E. Edwards, and UBS Painewebber, Inc.

CASE #: 02-05187

---

The hearing was held on **Thursday, September 19, 2002**. The follow individuals participated in the hearing:

Chairperson: **Philip B. Whitaker, Esq.**

Panelist: **Willy Nordwind, Jr., Esq.**

Panelist: **Mr. Walter G. Bryniarski**

Claimant's Representatives: Mr. David McComb

Respondents' Representative: Michael J. Rusing, Esq., Mr. Mike Braun, Mr. Jon Heller, and Mr. David Allen.

NASD Dispute Resolution Staff: Edward T. Anderson, Esq.

---

At the hearing for permanent injunction, the following occurred:

1. Respondent _____ filed its answer to the statement of claim.   **DID NOT OCCUR**

2. Respondent _____ filed its answer to the statement of claim.   **DID NOT OCCUR**

3. The parties accepted the panel's composition. (If not, please explain.)

Exhibit 3
Page 1 of 4

EXHIBIT C
Page 1 of 4

4. In determining the request for permanent injunction the panel used the following legal standard: **choice of law as indicated in the parties' agreement.**

5. On Claimant Merrill Lynch's request for permanent injunction, the panel **DENIES** the request.

Further, the panel finds as follows:

1. Customer rights are of primary importance and is concerned customers are, or may be, subject to harm due to this dispute;

2. The fiduciary duties owed by the parties to the customers are superior to any duties owed by employees to the former employer;

3. The customers have a paramount right to be advised of the move by their broker and, that this right includes receiving personal contact from their broker;

4. The customers have the right to be informed that they decide whether to remain with Merrill Lynch or to transfer their account.

5. Customer names and addresses and telephone numbers are not confidential;

The panel therefore orders the Temporary Restraining Order to be dissolved and denies the request for an injunction, subject to the following orders:

A. The parties are to send a joint announcement of the move, identifying both parties, and encouraging each customer to contact an independent party who will record which party the customer chooses;

B. The joint announcement is to be sent as soon as possible, no later than Tuesday, September 24, 2002, to each customer;

C. Either party may contact customers by telephone, but no party may disparage the other or make repeated calls to customers unless requested by the customer; or misinform the customer about contact information concerning the other party;

D. If the parties fail to agree upon a joint announcement the panel will construct one for them;

E. All other information in the possession of Respondents concerning customers is to be returned to Merrill Lynch;

F. The panel has not determined the rights to the Goldmine information. The panel encourages the parties to resolve this issue. To the extent practical, upon a choice by a customer, all information pertaining to Goldmine shall be

Exhibit 3
Page 2 of 4

EXHIBIT C
Page 2 of 4

delivered to the brokerage firm so chosen. The Goldmine date shall remain with an independent third party.

7. The panel orders all costs associated with the joint announcement, including at third party to receive calls, to be shared equally.

8. All costs with the Goldmine information shall be the responsibility of the Respondents.

9. This order is limited solely to the request for injunctive relief. It has been based on a preliminary hearing with limited evidence; therefore, these findings are preliminary.

10. The remaining aspects of this proceeding shall be handled in the regular course. The panel does not believe an additional hearing on the injunction is necessary, but any party may request such relief.

6. On Respondent _____'s request for the panel rules as follows (circle and complete all that applies):
N/A

7. The parties are prohibited from seeking an extension of the court's order.
No.

8. The parties are directed to jointly move the court to modify or dissolve the court order. The parties shall file this motion within _____ days from the date of this order.
N/A

9. The panel has scheduled additional hearings to resolve damages and other issues as follows:

Remaining aspects of this proceeding shall be handled in the regular course.

10. Other rulings (i.e., arbitration fees, extra fees to be deposited, etc.):

   a. The parties are liable for the increased arbitrator honoraria on the hearing for the permanent injunction as follows:

   **Split 50/50 between Claimant Merrill Lynch and Respondent UBS/Painewebber**

   b. The parties are liable for the reasonable travel expenses of arbitrator, Walter Bryniarski, who traveled outside his or her assigned hearing location as follows:

   Claimant #1 Merrill Lynch is assessed 50%.

   Claimant #2 Painewbber is assessed 50%.

Exhibit 3
Page 3 of 4
EXHIBIT C
Page 3 of 4

11. If the parties settle this matter with no further hearings:

   a. The cost of this permanent injunction hearing and any other hearing, including initial pre-hearing conference or pre-hearing conference, will be borne as follows:

   Claimant #1 **Merrill Lynch** is assessed 50%.

   Claimant #2 **Painewebber** is assessed 50%.

   b. This preliminary assessment **IS NOT** joint and several.

> NOTE: Rule 10335(b)(6)(C) provides that chairperson shall receive $375.00 for a single session and $700 for each double session on the permanent injunction, while panelists shall receive $300 for each single session and $600 for each double session. The Rule provides that the parties shall equally pay the difference between the honorarium under IM-10104 and Rule 10335 and that the arbitrators may reallocate this additional amount among the parties in the award. *This increased honorarium applies only to hearing for permanent injunction and does not apply to pre-hearing conferences or the additional hearing on damages or other issues.*
>
> Rule 10335(b)(6)(A) provides that the parties shall jointly bear an arbitrator's reasonable travel-related costs and expenses for required travel to a hearing location other than the arbitrator's primary hearing location(s). The arbitrator may reallocate such costs and expenses among the parties in the award.
>
> If a member firm fails to satisfy an invoice, NASD DR will debit the member firm's CRD account.

This order will remain in effect unless amended by the arbitration panel.

Dated:

_____
Chairperson's Name and Signature

_____
Panelist's Name and Signature

_____
Panelist's Name and Signature

Exhibit 3
Page 4 of 4
EXHIBIT C
Page 4 of 4