Exhibit F

## Order on Request for Permanent Injunction

### NASD DISPUTE RESOLUTION, INC.

An in-person or telephonic hearing on a request for Permanent Injunction under Rule 10335 of the *Code of Arbitration Procedure*, was held in the matter of:

CLAIMANT(S): _Merrill Lynch, Pierce, Fenner & Smith Inc._

RESPONDENT(S): _Todd L. Sherman, Jason A. Sobin, UBS PaineWebber_

CASE #: _02-05989_

The hearing was held on _October 23, 28, 2002_ (month/date/year). The following individuals participated in the hearing: [list the attending individuals] _Deliberations Conference Call 10/29/02_

Chairperson: _Gordon M. Wase, Esq._

Panelist: _John R. Pepe, Sr._

Panelist: _James Kenneth Fruehling, Esq._

Claimant's Representative: _Paul Kirk, Esq._

#1 Respondent's Representative: _Steve Mathes, Esq., Elizabeth Balakhani_

#2 Respondent's Representative: _Jim Konie, Esq._

NASD Dispute Resolution Staff: _—_

At the hearing for permanent injunction, the following occurred:

1. Respondents _Sherman & Sobin_ filed their answer to the statement of claim.

2. Respondent _USB PaineWebber_ filed its answer to the statement of claim.

3. The parties accepted the panel's composition. ✓ (If not, please explain.)

Exhibit _F_
Page _1_ of _5_

. In determining the request for permanent injunction the panel used the following legal standard (Select one):
  a. Choice of law as indicated in the parties' agreement; or,
  **(b.)** The law of state where events occurred if there is no agreement.

. On Claimant **Merrill Lynch, Pierce, Fenner & Smith**'s request for permanent injunction, the panel rules as follows (circle and complete all that applies):
  a. Granted
  **(b. Denied)**
  c. The permanent injunction filed by _____

  shall become effective:
  i. Upon the expiration of the TRO used by the Court on month/date/year

  _The TRO is hereby dissolved effective November 5, 2002_ and expire on

  ii. Immediately and will expire on (month/date/year)

. On Respondent _____'s request for the panel rules as follows (circle and complete all that applies):
  a. Granted
  b. Denied
  c. The permanent injunction filed by _____ shall become effective:
    i. Upon the expiration of the TRO used by the Court on (month/date/year) _____ and expire on

Exhibit _4_
Page _2_ of _5_

    iii. Immediately and will expire on (month/date/year)

_____

_____

_____

7. The parties are prohibited from seeking an extension of the court's order. (Yes) or No

8. The parties are directed to jointly move the court to modify or dissolve the court order. The parties shall file this motion within _____ days from the date of this order.

9. The panel has scheduled additional hearings to resolve damages and other issues as follows:

    a. The next scheduled hearing session will be held on (month/date/year) ___December 17, 2002___ at ___9:30 A.M.___ (time).
The following dates have also been reserved for this hearing:
___December 18, 2002___

_____

_____

    b. The arbitrators and parties have tentatively reserved (month/date/year) _____ at _____ (time) for a pre-hearing conference to resolve

_____

_____

_____

    c. The Chairperson and parties have tentatively reserved _____ (month/day/year) at _____ (time) for a pre-hearing conference to resolve the following discovery matters:

Exhibit __4__
Page __3__ of __5__

   d. If pre-hearing briefs are filed, they must be filed by: _____

   Response filed by: _____

   Reply filed by: _____

   e. If motions are filed, they must be filed by: _____

   Response filed by: _____

   Reply filed by: _____

10. Other rulings (i.e., arbitration fees, extra fees to be deposited, etc.):
   a. The parties are liable for the increased arbitrator honoraria on the hearing for the permanent injunction as follows: _____

   _____

   _____

   _____

   b. The parties are liable for the reasonable travel expenses of arbitrator, _____, who traveled outside his or her assigned hearing location as follows:
   Claimant #1 is assessed _____
   Claimant #2 is assessed _____
   Respondent #1 is assessed _____
   Respondent #2 is assessed _____
   Respondent #3 is assessed _____

11. If the parties settle this matter with no further hearings:

   a. The cost of this permanent injunction hearing and any other hearing, including initial pre-hearing conference or pre-hearing conference, will be borne as follows:
   Claimant #1 is assessed     50%
   Claimant #2 is assessed _____
   Respondent #1 is assessed ⎫
   Respondent #2 is assessed ⎬ 50% jointly and severally
   Respondent #3 is assessed ⎭

   b. Is this preliminary assessment joint and several? (Yes) or No

   c. If this preliminary assessment is joint and several, state below the parties against whom it is made (circle all that applies):

Exhibit 4
Page 4 of 5

    i. Claimants only
    ii. Respondents only
    iii. Claimants and Respondents

_____

_____

_____

> NOTE: Rule 10335(b)(6)(C) provides that chairperson shall receive $375.00 for a single session and $700 for each double session on the permanent injunction, while panelists shall receive $300 for each single session and $600 for each double session. The Rule provides that the parties shall equally pay the difference between the honorarium under IM-10104 and Rule 10335 and that the arbitrators may reallocate this additional amount among the parties in the award. *This increased honorarium applies only to hearing for permanent injunction and does not apply to pre-hearing conferences or the additional hearing on damages or other issues.*
>
> Rule 10335(b)(6)(A) provides that the parties shall jointly bear an arbitrator's reasonable travel-related costs and expenses for required travel to a hearing location other than the arbitrator's primary hearing location(s). The arbitrator may reallocate such costs and expenses among the parties in the award.
>
> If a member firm fails to satisfy an invoice, NASD DR will debit the member firm's CRD account.

This order will remain in effect unless amended by the arbitration panel.

Dated: 10/30/02

_____ — GORDON M. WASE
Chairperson's Name and Signature   *for the PANEL*


_____
Panelist's Name and Signature


_____
Panelist's Name and Signature

Exhibit 4
Page 5 of 5