William M. Bankston, Esq.
Barbra Z. Nault, Esq.
Bankston Gronning O'Hara, P.C.
601 West 5th Avenue, Suite 900
Anchorage, Alaska 99501
(907) 276-1711 (telephone)
(907) 279-5358 (fax)
wbankston@bankston.to

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

AT ANCHORAGE

| | |
|---|---|
| MORGAN STANLEY DW INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> SCOTT INGRIM, VINCE O'REILLY, TY SCHOMMER, and LYNN SOISETH, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 3:03-cv-00135[TMB] |

### AFFIDAVIT OF LYNN A. SOISETH

STATE OF ALASKA       )
                      ) ss:
THIRD JUDICIAL DISTRICT )

Lynn A. Soiseth, being first duly sworn, upon oath, deposes and says:

1. I was a Financial Advisor with Morgan Stanley D.W. Inc. ("Morgan Stanley") in Anchorage, Alaska.

2. I intended to resign from Morgan Stanley on May 26, 2006. My resignation letter is dated for May 26, 2006. However, as I was cleaning out my office on the evening of May 25, 2006, I encountered Morgan Stanley's current Vice President and Branch Manager, Harold Pierce. When Mr. Pierce inquired as to what I was doing, I indicated that I intended to resign and gave him my resignation letter. I requested Mr. Pierce to look through the boxes which I had packed and perform a check out. He gave me a verbal authorization to take the contents of the boxes. The boxes did not contain any confidential information belonging to Morgan Stanley. Rather, the boxes contained my personal belongings. Mr. Pierce should know this as he inspected the contents.

3. I did not take any confidential information from Morgan Stanley. I instructed my assistant Pam Parker to leave my copy of my contact manager software, which contained all client notes, addresses and contact info (commonly referred to as "ACT" software) for Morgan Stanley.

4. The only information I retained was data disks related to the ACT Database Contact Manager, which I purchased with my own funds at the encouragement of Morgan Stanley's upper management. This database contains information I personally compiled during my years at Morgan Stanley – the names of my clients, their address and phone numbers, and information I personally compiled about the clients. None if this information was downloaded from files at Morgan Stanley. I retained this information so that I could continue my customary practice of sending greeting cards to my clients, as well as send announcements that I was joining a new firm.

5. With the permission of Morgan Stanley, my assistant Pam Parker retained ACT software at her home computer. Clark Rush, Morgan Stanley's former Branch

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

Affidavit of Lynn A. Soiseth
*Morgan Stanley v. Ingrim, O'Reilly et al.,* Case No. 3:03-cv-_____ [____]   Page 2 of 4
A3388\05\AFFsoiseth

Manager, was aware of this practice and never objected. Upon resigning, I instructed Ms. Parker to make a copy of the ACT files onto a flash drive and delete the information from her computer. Ms. Parker did create such a flash drive and deleted the ACT software from her computer. She provided the disk to counsel. It is my understanding that the flash drive has been turned over to Morgan Stanley's counsel.

      6.    I did not tell any clients that I intended to leave Morgan Stanley prior to my resignation. I did not accept a position with A.G. Edwards & Sons, Inc. until after I had resigned from Morgan Stanley.

      7.    I have notified my clients of my current employment with A.G. Edwards & Sons, Inc. ("A.G. Edwards"). I do not consider this solicitation, but rather a professional courtesy. I have worked with my clientele for over two decades and feel obligated to let them know that I have changed firms.

      8.    I wholeheartedly disagree with Morgan Stanley's intimations that Morgan Stanley gave me my book of business. Over the 27 years I have met and obtained approximately 80% of my clients via my own efforts - client referrals, seminars, contacts influential, socializing.

      9.    I was contacted by A.G. Edwards – I did not contact them. I was not paid a bonus or otherwise compensated by A.G. Edwards for joining its firm. Actually, I am taking a significant risk in moving to A.G. Edwards without compensation because there is no assurance that my clients will follow.

      10.    After 18 years I intended to retire from Morgan Stanley. However, I made the difficult decision to leave Morgan Stanly because I wanted to work in my client's interests at a firm which presented far fewer conflicts of interest. Morgan Stanley values corporate profitability above client and employees' interests. Moreover, Morgan Stanley

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

was threatening to downsize or eliminate its Fairbanks operations, where we service a significant number of clients.

DATED: 6-7-06

_____
LYNN A. SOISETH

SUBSCRIBED AND SWORN to before me this 7th day of JUNE, 2006.

_____
Notary Public in and for Alaska
My commission expires: 4-7-2008

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

Affidavit of Lynn A. Soiseth
*Morgan Stanley v. Ingrim, O'Reilly et al.*, Case No. 3:03-cv-_____ [___]
A3388\05\AFFsoiseth

Page 4 of 4