William M. Bankston, Esq.
Barbra Z. Nault, Esq.
Bankston Gronning O'Hara, P.C.
601 West 5th Avenue, Suite 900
Anchorage, Alaska 99501
(907) 276-1711 (telephone)
(907) 279-5358 (fax)
wbankston@bankston.to

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| MORGAN STANLEY DW INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> SCOTT INGRIM, VINCE O'REILLY, TY SCHOMMER, and LYNN SOISETH, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) Case No. 3:06-cv-00135 [TMB] |

## CROSS-MOTION TO STRIKE HEARSAY TESTIMONY

Defendants Scott Ingrim, Vince O'Reilly, Ty Schommer and Lynn Soiseth (collectively "Defendants"), by and through counsel, hereby move to strike the hearsay testimony submitted by Morgan Stanley D.W. Inc.'s ("Morgan Stanley") in support of its Motion for Temporary Restraining Order. Defendants' cross-motion is supported by the following memorandum.

## MEMORANDUM

Morgan Stanley's motion for a temporary restraining order relies primarily on inadmissible hearsay which should not be considered by the court. Federal Rule of Evidence 801 defines "hearsay" as "a statement, other than one made by the declarant

while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted." Federal Rule of Evidence 802 provides that hearsay "is not admissible except as provided by these rules . . ."

Admission of hearsay statements interferes with "the right of litigants to confront the witnesses against them and to test their credibility through cross-examination."[1] Defendants are simply unable to test the credibility of the statements made in the affidavits submitted to the court by Morgan Stanley, as the statements were made by unnamed persons not present before the court. Admitting the hearsay statements in the affidavits would thus deprive Defendants of what Wigmore has called "the greatest legal engine ever invented for the discovery of truth."[2] Evidence based on hearsay is inadmissible and unpersuasive and should not form the basis of the extraordinary remedy of injunctive relief.[3]

Defendants hereby object to the following hearsay, and respectfully move the Court strike the underlined portions of Morgan Stanley's testimony from the record, as no exceptions to the hearsay rule apply:

### 1. Affidavit of Patrick Davids

At paragraph 2, Davids testified: "<u>Some of the Morgan Stanley clients have told me that they have received materials in the mail from the Former Advisors that the Morgan Stanley clients have described to me as documents that are intended to encourage Morgan Stanley clients to transfer their assets to A.G. Edwards & Sons.</u>" At paragraph 3, Davids testified: "<u>One Morgan Stanley client told me that at one time he spoke to Schommer and decided to transfer his account to A.G. Edwards & Sons. Another Morgan Stanley client</u>

---

[1] *Colorificio Italiano Max Meyer, S.P.A. v. S/S Hellenic Wave*, 419 F.2d 223, 224 (5th Cir. 1969). *See also NLRB v. Imparato Stevedoring Corp.*, 250 F.2d 297, 302 (3rd Cir. 1957); *Rossville Salvage Corp. v. S.E. Graham Co.*, 319 F.2d 391, 396 fn.5 (3rd Cir. 1963).
[2] *Colorifico*, 419 F.2d at 224 (internal quotes omitted).
[3] *Ocean Bio-Chem, Inc. v. Turner Network Television, Inc.*, 741 F.Supp. 1546, 1559 (S.D. Fla. 1990).

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

told me he spoke to O'Reilly and that O'Reilly discussed with the Morgan Stanley client the process and cost of transferring assets from Morgan Stanley to A.G. Edwards & Sons."

### 2.   *Affidavit of Laura Godenzi*

At paragraph 3, Godenzi testified that "I spoke with a Morgan Stanley client who told me she had received something in the mail from Lynn Soiseth regarding the moving of her account." At paragraph 4, Godenzi testified that "I spoke with a Morgan Stanley client who told me she had talked with Vince O'Reilly and that he would be taking her paperwork and moving her account." At paragraph 5, Godenzi testified that "I spoke with another Morgan Stanley client on June 2, 2006 . . . The client stated he was aware of what was going on and that he had been working with his financial advisor for a long time. It was apparent he was aware of the change before I called to inform him (*sic*) it."

### 3.   *Affidavit of Branch Haymans*

At paragraph 2, Haymas testified "I have contacted a number of Morgan Stanley clients who were previously serviced by the Former Advisors. More than one Morgan Stanley client has reported to me that they had been contacted by Pam Parker, a former Morgan Stanley Sales assistant who also resigned on May 26 to work with the former Advisors at A.G. Edwards & Sons, and that Ms. Parker has requested that the Morgan Stanley clients transfer their assets from Morgan Stanley to A.G. Edwards & Sons. A number of other clients have reported that they have been contacted (either directly or by way of message) by the Former Advisors and that the Former Advisors have requested the Morgan Stanley clients to transfer their assets to A.G. Edwards & Sons." At paragraph 3, Haymans testified "Morgan Stanley clients that were formerly serviced by the Former Advisors have also advised me that they have received documents in the mail from A.G. Edwards & Sons." At paragraph 4, Haymans testified: "One particular Morgan Stanley client has expressed to me that he was concerned by the fact that the Former Advisors had contacted him. The Morgan Stanley client expressed concern that the Former Advisors had his telephone number because he had not authorized Morgan Stanley to provide his contact

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

information to any third parties. The Morgan Stanley client asked what steps Morgan Stanley was taking to protect his confidential information."

### 4. *Affidavit of Steve McSharry*

At paragraph 2, McSharry testified that "Subsequent to the resignation of the Former Advisors, I have contacted a Morgan Stanley client <u>who told me that he received in the mail a packet of documents from the Former Advisors. From the description of the materials provided to me by the Morgan Stanley client (he specifically mentioned that one of the documents contained the word "Edwards"), in my opinion it sounds like the packet of documents contained a form used in the industry to transfer assets from one brokerage firm to another. The client also relayed that the packet of documents that he received from the Former Advisors contained the new business cards of the Former Advisors with their new contact information at A.G. Edwards.</u>" At paragraph 3, McSharry testified that "I spoke to a different Morgan Stanley client <u>who called to inquire about the status of his accounts at Morgan Stanley.</u> I place him on hold while I researched his question. When I released the hold, <u>I could hear the Morgan Stanley client discussing his accounts with Pam Parker, a former sales assistant with Morgan Stanley who resigned from Morgan Stanley on May 26, 2006 to work for the Former Advisors at A.G. Edwards & Sons.</u> I worked with Ms. Parker for a number of years and could recognize her voice. <u>I cannot say for certain what Ms. Parker was telling the Morgan Stanley client, but it appeared to me that Ms. Parker was providing the Morgan Stanley client with specific Morgan Stanley account information and advising the Morgan Stanley client to inquire about specific account numbers.</u>"

### 5. *Affidavit of Harold Pierce*

At paragraph 12, Pierce testified that: "<u>I know of at least one Morgan Stanley customer that has reported that they received, via overnight delivery, a packet of documents from the Former Advisors, which encouraged the Morgan Stanley client to transfer their assets to AGE.</u>"

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

### 6. *Supplemental Affidavit of Harold Pierce*

At paragraph 5, Pierce testified that "On June 1, 2006 a news release was circulated by A.G. Edwards & Sons, Inc. which states "FOUR MORGAN STANLEY VETERANS JOIN A.G. EDWARDS OFFICE Bringing An Excess of $300 Million In Client Assets. Exhibit C is a copy of said news release." (Defendants specifically move that the article attached as Exhibit C to Pierce's affidavit be stricken form the record. Besides being inadmissible hearsay, the article attached by Morgan Stanley is not relevant as it was not drafted by Defendants, but rather issued in St. Louis.)

### 7. *Affidavit of Clark Rush*

At paragraph 2, Rush testified: "Subsequent to their resignation, I have contacted a Morgan Stanley client who told me that he received a message from Schommer and that the client had also received a packet of documents that encouraged the Morgan Stanley client to transfer their assets to A.G. Edwards & Sons, the former Advisors' new employer. Another Morgan Stanley client confirmed that he spoke with O'Reilly, who talked to the Morgan Stanley client about transferring his assets from Morgan Stanley to A.G. Edwards & Sons."

DATED this 13th day of June, 2006.

                BANKSTON GRONNING O'HARA, PC
                Attorneys for Defendants

                By:  s/ William M. Bankston
                      601 W. 5th Avenue, Suite 900
                      Anchorage, Alaska 99501
                      Phone: (907) 276-1711
                      Fax: (907) 279-5358
                      E-mail: wbankston@bankston.to
                      AK Bar #7111024

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2006, a copy of foregoing Motion was served electronically upon:

Calvin R. Jones
Jones & Colver, LLC
1900 W. Benson Blvd., Suite 201
Anchorage, AK 99517

s/Charlene Vozar

**BANKSTON GRONNING O'HARA, P.C.**
**Attorneys at Law**
**601 W. 5th Avenue, Suite 900**
**Anchorage, Alaska 99501**
**Tel. (907) 276-1711 - Fax (907) 279-5358**
**www.bankston.to**