IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MORGAN STANLEY DW INC.,<br><br>  Plaintiff,<br><br> vs.<br><br>TY A. SCHOMMER, LYNN ANTHONY SOISETH, SCOTT DAVID INGRIM, AND JAMES VINCENT O'REILLY,<br><br>  Defendants. | Case No. 3:06-cv-00135   TMB<br><br>TEMPORARY RESTRAINING ORDER |

Based on Plaintiff's Complaint (Docket No. 1), Plaintiff's Motion for Temporary Restraining Order (Docket No. 3), and the pleadings filed relevant thereto, and having heard argument from counsel for both parties on June 15, 2006,

**IT IS HEREBY ORDERED THAT:**

1. Defendants Ty A. Schommer, Lynn Anthony Soiseth, Scott David Ingrim, and James Vincent O'Reilly are enjoined and restrained, directly or indirectly, and whether acting alone or in concert with others, including any agent, employee, officer and/or representative of A.G. Edwards & Sons, Inc. ("A.G. Edwards") from:

   A. <u>Soliciting</u> or otherwise <u>initiating</u> any contact or communication with any client of Plaintiff Morgan Stanley DW Inc. ("Morgan Stanley") whom Defendants served while in the employ of Morgan Stanley for the purpose of inviting, encouraging, or requesting the transfer of any accounts or business patronage from Morgan Stanley (excluding members of Defendants' immediate family and relatives); and

   B. Using, disclosing, or transmitting for any purpose, any information contained in the records of Morgan Stanley or concerning its customers, including for

        purposes of soliciting business or account transfers from any client formerly serviced by Defendants while at Morgan Stanley.

    2.  Defendants, and anyone acting in active concert or participation with Defendants, directly or indirectly, including Defendants' counsel and any agent, employee, officer, or representative of A.G. Edwards, are further ordered to safeguard and retain confidential any and all records, documents, and/or tangible customer information pertaining to Morgan Stanley's customers, whether in original, copied, computerized, handwritten, or other form, <u>except that</u>, Defendants may utilize ACT Database Contact Manager information they have retained (the " ACT information") in servicing clients or customers of Morgan Stanley that initiate contact with Defendants.  Other than utilizing the ACT information for clients or customers who initiate contact with them, Defendants may not share the ACT information with anyone, including any agent, employee, officer, or representative of A.G. Edwards.

    3.   Morgan Stanley shall provide any client or customer who requests information concerning the Defendants' whereabouts or current employment with the telephone number and address of the A.G. Edwards office at which Defendants are employed.  Morgan Stanley shall insure that all relevant employees, including receptionists and other personnel who serve as initial points of contact, provide clients and customers who ask with Defendants' new contact information.

    4.  Nothing in this Order shall prevent Defendants from accepting or acting upon client requests for account transfers or from communicating with or servicing, including soliciting further business from, (I) any clients of A.G. Edwards or (ii) any Morgan Stanley clients or customers that <u>initiate</u> contact with Defendants or the parties identified in Paragraph 1 above.

    5.  Nothing in this Order shall prevent Morgan Stanley from servicing or soliciting further business from its clients and customers.

    6.  Pursuant to the requirements of Sections 3 and 4 of the Federal Arbitration Act, 9 U.S.C. §§ 3-4, the parties are directed to immediately proceed with an expedited arbitration in accordance with the National Association of Securities Dealers Code of Arbitration Procedure, including a hearing on the issue of permanent injunctive relief.

    7.  This Order shall remain in effect through 4.30 p.m. on Monday, June 26, 2006.  The parties shall submit a status report by noon on Monday, June 26, 2006.

    8.   Morgan Stanley shall post $10,000 security in the form of a bond within two (2) business days of the date of this Order, and the bond shall not be released until such time as the Court orders.

    9.   Each party to bear its own costs.

Dated at Anchorage, Alaska, this 15th day of June, 2006.

    /s/ Timothy Burgess  
    Timothy M. Burgess  
    United States District Judge